JUAN JOSÉ PEÑA, Petitioner and Appellee, *v.* MUNICIPAL ASSEMBLY OF SANTA ISABEL, Respondent and Appellant.*

No. 5069. Decided December 18, 1930.

---

* NOTE.—See *ante*, p. 565.

*L. Tormes* for appellant. *T. Bernardini de la Huerta* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

We are asked by the appellant to reconsider our judgment of the 28th of last November affirming an order of the lower court by which a memorandum of costs was approved.

The said memorandum was filed in the court below on the 2nd of last July and the main question involved is whether the memorandum was filed after the expiration of the statutory period of ten days. It is provided in the statute that where an appeal has been taken from a judgment of the district court the memorandum of costs must be filed within ten days after the receipt in that court of the official notice of the decision rendered on appeal, and our former judgment of affirmance was based on the fact that the documents before us did not show the date of the receipt by the lower court of such official notice and for that reason we were unable to hold that the lower court had erred in failing to reject the said memorandum because it had not been timely filed.

It is stated in the motion for rehearing that our conclusion was erroneous because it appears from the transcript of record in this appeal that the judgment was notified to the lower court on June 18, and we are cited to page 8 of said transcript.

After stating his case in the lower court, the petitioner for costs quoted the statutory provisions regarding the time within which the memorandum of costs must be filed, and then added: "We offer at this time the minute book." This was followed by: "Judge. He certifies that the foregoing is a faithful copy of the original, namely, the judgment on appeal rendered by the Supreme Court on June 18, 1927." The plaintiff then said: "But the court was in vacation and was not notified thereof, as shown by the minute book." It appears from this book that on July 1, after the court's vaca-

tion, the clerk informed the court of the receipt of several judgments from the Supreme Court and included the one rendered in this case, but without any specific reference to the date of its receipt.

Even granting that the trial judge could verbally certify "that the foregoing is a faithful copy of the original, namely, the judgment on appeal rendered by the Supreme Court on June 18, 1927," such certificate would not show the date of the receipt of our judgment in the lower court, but, at most, that it had been forwarded from our court on June 18, 1927; not that on that day or at any other specific time it had been received by the District Court of Guayama. Therefore, the record does not show the date of the receipt of the said judgment, not even taking into account the statement of the plaintiff that the court was in vacation and had not been informed, because the said certificate may have arrived subsequent to June 18, and prior to July 1, when a new term of court commenced after the vacation period.

The applicant for rehearing also refers to a certain recital contained in a record of this court and says, in arguing the first error assigned, that the clerk· of the District Court of Guayama acknowledged the receipt of our judgment in a letter dated June 21, 1927, addressed to the secretary of this court, as appears from the record in case No. 4078 of this court—that is, the record in the main action—and, invoking Supreme Court Rule 40, he prays that we consider such record because the appellee had referred to it in the lower court.

The reference made by the appellee in the lower court to the record of appeal sent up to this court was for the purpose of establishing the extent of the professional services rendered by his attorney, as what he said was that there were proceedings in this court in which his attorney had participated, and that he offered as evidence the record of such proceedings. So that he confined himself to the work of the

attorney, without mentioning any other matters covered by the said proceedings or record on appeal. Apart from those statements of the appellee it does not appear from the transcript now before us whether the record of the proceedings in this court was introduced in the lower court, either in its original form or by certificate. Nor is there any showing of the contents of such record.

Rule 40 (c) of this court reads as follows:

"In an appeal from an order approving memorandum of costs where the evidence or other proceedings have in an appeal from the judgment itself been previously presented to this court in a bill of exceptions, statement of the case, transcription of the stenographer's notes, or in other due form, the appellant, to show the facts, may rely on the record heretofore presented to this court and such further documentation or evidence properly incorporated as may in the consideration of the memorandum have been presented to the trial court."

The amount taxable as attorney's fees in a memorandum of costs is established by evidence in regard to the work done by the attorney in the case, and the above rule was adopted in order to avoid, in appeals relating to the taxation of costs, the necessity for reproducing in the statement of the case proceedings which already appeared from the record of a previous appeal taken to this court. The said rule is restricted to such record of appeal, and has no reference to other proceedings had in this court, such as the letter to which the appellant refers and which, being unknown to the court below, can not be used as a basis for a reversal of its order under review. Moreover, as a statement of the case has been settled in the present appeal, Rule 40 (c) does not apply, since the work sought to be avoided thereby had already been done. On the other hand, where an appellant seeks to avail himself of the benefits under the said rule, it is not sufficient for him to so state in his brief, but he must file a separate petition for this purpose and give the adverse

party an opportunity to oppose it or to submit any other matter relating thereto.

Although the transcript before us contains references to the petition for certiorari, to the appearance at the trial, to the opposition to a demurrer, to a motion to strike out and to the proceedings for the settlement of the statement of the case in the former appeal, no copies of such petition or of the demurrer or of the motion to strike have been included as a basis for estimating the importance of the questions involved therein and, therefore, of the value of the work done. The appellant says in its brief that it relied on the said rule of this court, and that we have available in the records of this court the documents in question. However, we have already stated that the said rule has no application to the case at bar.

The motion for rehearing must be denied.